854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry SINGLETARY, Petitioner-Appellant,
v.
William LEEKE, Commissioner, South Carolina Department of
Corrections, and the Attorney General of the State
of South Carolina, Respondents-Appellees.
 No. 87-7544.
 United States Court of Appeals, Fourth Circuit.
 Argued June 22, 1988.
Decided Aug. 2, 1988.
 
 William Thomas Toal (Johnson, Toal & Battiste, P.A. on brief) for appellant.
 Donald J. Zelenka, Chief Deputy Attorney General for appellees.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Larry Singletary appeals the district court's refusal to grant his request for habeas corpus relief under 28 U.S.C. Sec. 2254. Finding no error below, we affirm.
 
 
 2
 Singletary was convicted in 1981 on two counts of murder arising out of the shooting deaths of his wife, Lucille Singletary, and her acquaintance, Burwell Wilkins. Singletary and his wife had been living in separate homes for a time because of marital discord. Singletary had been living with his mother, and Lucille and the children had been staying with her mother. On the evening of March 24, 1981, Singletary went to the home of his mother-in-law in search of Lucille. Unable to find his wife despite persistent inquiries, he took a rifle and ammunition from the bedroom shared by his wife and their children.
 
 
 3
 Around 6:15 a.m. on March 25, 1981, witnesses reported hearing squealing tires on the road in front of Lucille's home. Trial testimony revealed that Singletary had pulled his automobile in front of the automobile driven by Wilkins. Singletary tried to pull Wilkins from the car. Wilkins resisted. Singletary then fired two shots in rapid succession at Wilkins. The second shot was fatal. During this incident, Lucille had slipped out of the car and fled to her mother's house. When in the house she locked herself in the bathroom and hid in the bathtub. Singletary chased his wife into the house, struggled with his son and sister-in-law, kicked down the bathroom door and fatally shot the wife.
 
 
 4
 Singletary argues that he was denied a fair trial because of the trial court's instructions on reasonable doubt and malice. In a well reasoned opinion, the district court explained that including the words substantial doubt in a definition of reasonable doubt is not per se unconstitutional. Further, the district court pointed out that the malice instruction was, on the whole, fully adequate because the distinction between a "deliberate intention" to kill and an "uncontrolled impulse to do violence" was made clear.
 
 
 5
 Our review of the record leaves us convinced that the magistrate and the district court, in opinions which thoroughly explored the issues raised in the petition for relief, have reached the correct result. We affirm on the basis of the district court opinion. Larry Singletary v. William D. Leeke, Commissioner, South Carolina Department of Corrections; and the Attorney General of the State of South Carolina, Civil Action No. 3:84-1809-2 (February 11, 1987).
 
 
 6
 AFFIRMED.